No. 25-1009

IN THE
**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**IN RE UNITED STATES OF AMERICA,**
*Petitioner*

ON PETITION FOR A WRIT OF MANDAMUS AND PROHIBITION

MOTION TO INTERVENE AND INTERVENOR'S RESPONSE TO
PETITIONER'S EMERGENCY MOTION FOR A STAY
PENDING A RULING ON THE PETITION FOR A WRIT OF MANDAMUS
AND PROHIBITION AND FOR AN ADMINISTRATIVE STAY PENDING
DISPOSITION OF THE STAY MOTION

RITA J. RADOSTITZ
JAMES G. CONNELL, III
DEFNE C. OZGEDIZ
ALKA PRADHAN
U.S. DEPARTMENT OF DEFENSE
1620 DEFENSE PENTAGON
WASHINGTON, DC 20301-1620

RITA J. RADOSTITZ.CIV@MAIL.MIL
TEL: (703) 571-0723
JAMES G. CONNELL7.CIV@MAIL.MIL
TEL: (703) 545-9544
DEFNE C. OZGEDIZ@MAIL.MIL
TEL: (703) 545-9546
ALKA.PRADHAN.CIV@MAIL.MIL
TEL: (703) 545-9545

ATTORNEYS FOR INTERVENOR
**AMMAR AL BALUCHI**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................ii

SUMMARY OF ARGUMENT ............................................................1

ARGUMENT ...................................................................................1

   A. Mr. al Baluchi should be allowed to intervene in the motion for a stay of military commission proceedings ................................................2

      1. This motion is timely......................................................4

      2. Mr. al Baluchi has an interest in the outcome of this action.............5

      3. Mr. al Baluchi will be prejudiced by an unfavorable ruling.............6

      4. Respondents cannot adequately represent Mr. al Baluchi's interests in this action ........................................................6

   B. The Court should deny the motion to stay the military commission proceedings involving Mr. al Baluchi ......................................7

CONCLUSION ...............................................................................10

CERTIFICATE OF SERVICE ...........................................................11

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT................12

# TABLE OF AUTHORITIES

## Cases

*Building & Constr. Trades Dep't. AFL-CIO v. Reich*, 40 F.3d 1275 (D.C. Cir. 1994) ...............................................................................4

*Hodgson v. United Mine Workers of America*, 473 F.2d 118 (D.C. Cir. 1972) .....3

*In re EchoStar Communications*, 448 F.3d 1294 (Fed. Cir. 2006)........................4

*In re Mohammad et. al*., No. 24-001 (USCMCR Dec. 30, 2024) .........................2

*International Union, UAW, Local 283 v. Scofield*, 382 U.S. 205 (1965)...............4

*Jones v. Prince George's County, Md.*, 348 F.3d 1014 (D.C. Cir. 2003)...............5

*Karsner v. Lothian,* 532 F.3d 876 (D.C. Cir. 2008) ................................................4

*Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) ...........................................5

*Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851 (3d Cir. 1994) ..............4

*Sec. Exch. Comm'n v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998) ..4

*United States v. Moussaoui*, 65 Fed. Appx. 881 (4th Cir. 2003)...........................4

## Regulations & Manuals

Federal Rule of Civil Procedure 24(a) ....................................................................3

## Other Authorities

*United States v. Mohammad, et al.*

 AE 926 (AAA) Mr. al Baluchi's Motion to Dismiss All Charges for Unlawful Influence by Members of Congress...............................................5

 AE 959 (AAA) Mr. al Baluchi's Motion to Dismiss Due to the Secretary of Defense's Interference With the Convening Authority's Discretion ..........5

AE 966 (AAA) Mr. al Baluchi's Motion to Dismiss Because the Government's Invocation of National Security Privilege Violates the Right to a Fair Trial ................................................................................................5

Unofficial/Unauthenticated Transcript of November 10, 2024 ..................8

Unofficial/Unauthenticated Transcript of November 11, 2024 ..................8

Brief for Petitioner-Appellant, *Al Baluchi v. Austin, et al.* No. 23-5251 (D.C. Cir. Sept. 18, 2024) .......................................................................................................6

## GLOSSARY OF TERMS

USCMCR……………………United States Court of Military Commission Review

RMC…………………………………………………… Rule for Military Commission

iii

## SUMMARY OF ARGUMENT

Mr. al Baluchi, also known as Ali Abdul Aziz Ali, seeks leave to intervene in this action because he meets the standards for intervention as a matter of right. He was granted leave to intervene in the lower court and his interests are distinct from those of Mr. Mohammad, Mr. bin 'Atash and Mr. al Hawsawi ("Respondents").

Further, Mr. al Baluchi, opposes a stay of proceedings against him currently pending in the United States Military Commissions at Guantanamo Bay, Cuba.

## ARGUMENT

The United States of America (hereinafter "United States") has moved this Court for "a stay of the military commission's proceedings pending resolution of the government's petition for a writ of mandamus and prohibition."[1] Although the motion filed by the United States seeks a stay of the "military commission's proceedings," the United States has since clarified that it only seeks a targeted stay of the proceedings involving Mr. Mohammad, Mr. bin 'Atash, and Mr. al Hawsawi, the three Respondents who signed the pretrial agreements that are the subject of the United States' petition.[2] Mr. al Baluchi was not a party to the pretrial agreements

---

[1] *In re United States*, No. 25-1009, Petitioner's Emergency Motion for a Stay Pending a Ruling on the Petition for a Writ of Mandamus and Prohibition and for an Administrative Stay Pending Disposition of the Stay Motion ("Petitioner's Motion for Stay") at 22 (D.C. Cir. Jan. 7, 2025).

[2] *See infra* at 9.

1

and is engaged in ongoing litigation of his suppression motion in the military commission. Because neither the United States nor Mr. al Baluchi seeks to halt the military commission proceedings involving Mr. al Baluchi, Mr. al Baluchi moves to intervene and requests that the Court permit the military commission proceedings involving Mr. al Baluchi to proceed, irrespective of the Court's decision on the motion for a stay.

A.    **Mr. al Baluchi should be authorized to intervene in the motion for stay of the military commission proceedings.**

The United States has moved this Court for "a stay of the military commission's proceedings, at least as they relate to enforcing the withdrawn pretrial agreements and accepting the respondents' pleas."[3] The United States further seeks a writ of mandamus and prohibition "prohibiting the military commission from conducting hearings in which the respondents would enter guilty pleas pursuant to the withdrawn pretrial agreements."[4]

Mr. al Baluchi, who was granted authority to intervene in the United States Court of Military Commission Review (USCMCR),[5] seeks to intervene on the United States' motion to stay proceedings in the military commission. Mr. al

---

[3] *In re United States*, No. 25-1009, Petitioner's Motion for Stay at 2 (D.C. Cir. Jan. 7, 2025).

[4] *Id.*

[5] *In re Mohammad et. al*., No. 24-001 at 21 (USCMCR Dec. 30, 2024).

2

Baluchi's material legal interests will be affected by the outcome of the United States' motion for a stay and will not be adequately represented by Respondents.

Mr. al Baluchi is a party to the military commission proceeding below. Although the United States' Petition for Writ of Mandamus and Prohibition only addresses the issue of the entry of pleas for Mr. Mohammad, Mr. bin 'Atash, and Mr. al Hawsawi, the motion for a stay is so broadly worded that it appears to seek a stay of all proceedings in the military commission below. Mr. al Baluchi is not party to a pretrial agreement; although he is directly affected by the Secretary of Defense's Memorandum, he is in a different procedural posture than Respondents. Accordingly, Respondents are not capable of adequately representing Mr. al Baluchi's interests in this action, and Mr. al Baluchi's intervention in this proceeding is therefore a matter of right.[6]

The right of intervention "implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard."[7]   This Circuit has identified "four prerequisites to intervene as of right: '(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action;

---

[6] If this Court finds Mr. al Baluchi has not satisfied the requirements of intervention as of right, Mr. al Baluchi requests this Court grant permissive intervention in this action.

[7] *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 130 (D.C. Cir. 1972).

(3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.'"[8]

Affected parties generally have the right to intervene in agency review or appellate proceedings in order "present their arguments on the issues to a reviewing court which has not crystallized its views."[9] The "standards for intervention applicable in the district court" therefore apply in appellate courts on equal terms.[10]

Mr. al Baluchi satisfies all four prerequisites for intervention before this Court as of right.

### 1.    This motion is timely.

The United States filed the Petition for a Writ of Mandamus and Prohibition, as well as the emergency motion for a stay, on 7 January 2025.  That evening the Court issued an Order requiring any responses from Mr. Mohammad, Mr. bin 'Atash, and Mr. al Hawsawi to be submitted by 11:59 p.m. on 8 January 2025.  Mr. al Baluchi timely files this motion in advance of Respondents' deadline.

---

[8] *Karsner v. Lothian,* 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *Sec. Exch. Comm'n v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998)); *see also* Fed. R. Civ. P. 24(a).

[9] *International Union, UAW, Local 283 v. Scofield*, 382 U.S. 205, 213 (1965); *see also In re EchoStar Communications*, 448 F.3d 1294 (Fed. Cir. 2006) (granting intervention in a mandamus action); *United States v. Moussaoui*, 65 Fed.Appx. 881 (4th Cir. 2003) (same); *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851 (3d Cir. 1994) (same).

[10] *Building & Constr. Trades Dep't. AFL-CIO v. Reich*, 40 F.3d 1275, 1282-83 (D.C. Cir. 1994).

## 2.     Mr. al Baluchi has an interest in the outcome of this action.

A proposed intervenor of right "need[s] only an 'interest' in the litigation –
not a 'cause of action' or 'permission to sue.'"[11]   The interest test has been described
by this Circuit as a "practical guide to disposing of lawsuits by involving as many
apparently concerned persons as is compatible with efficiency and due process."[12]
That standard is more than met here, as Mr. al Baluchi is actively litigating in the
military commission; if a stay of all proceedings is granted, he will be denied the
right to proceed with further proceedings, specifically scheduled oral argument on
his motion to suppress statements as well as anticipated argument on his motions to
dismiss for unlawful influence by Members of Congress[13] and by the Secretary of
Defense,[14] and his motion to dismiss because the government's invocation of
national security privilege violates the right to a fair trial,[15] among other active
motions.

## 3.     Mr. al Baluchi will be prejudiced by an unfavorable ruling.

---

[11] *Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003).

[12] *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir 1967).

[13] AE 926 (AAA) Mr. al Baluchi's Motion to Dismiss All Charges for Unlawful
Influence by Members of Congress.

[14] AE 959 (AAA) Mr. al Baluchi's Motion to Dismiss Due to the Secretary of
Defense's Interference With the Convening Authority's Discretion,
https://www.mc.mil/Portals/0/pdfs/KSM2/KSM%20II%20(AE959(AAA)).pdf.

[15] AE 966 (AAA) Mr. al Baluchi's Motion to Dismiss Because the Government's
Invocation of National Security Privilege Violates the Right to a Fair Trial.

Granting a stay of all military commission proceedings will prejudice Mr. al Baluchi by adding further delay to pre-trial proceedings that have already entered their second decade. Further, Mr. al Baluchi will continue to endure the harsh conditions of confinement where his medical needs are not being adequately addressed.[16]

**4.    Respondents cannot adequately represent Mr. al Baluchi's interests in this action.**

Mr. al Baluchi has not yet entered into a pretrial agreement with the Convening Authority and thus he is not directly impacted by the government's specific request for relief in its Petition. Thus, the difference between the procedural posture of Respondents and Mr. al Baluchi in the underlying proceeding renders Respondents unable to sufficiently represent Mr. al Baluchi's interests in this action.

**B.    The Court should deny the motion to stay the military commission proceedings involving Mr. al Baluchi.**

Mr. al Baluchi opposes the United States' motion for a stay of the military commission proceedings pending the Court's consideration of the Petition for a Writ of Mandamus and Prohibition.  However, if the Court issues a stay, the stay should

---

[16] *See* Brief for Petitioner-Appellant, *Al Baluchi v. Austin, et al.* No. 23-5251, at 10-13 (D.C. Cir. Sept. 18, 2024).

only apply to the military commission proceedings as they relate to the pretrial agreements of Mr. Mohammad, Mr. bin 'Atash, and Mr. al Hawsawi. Any stay issued by the Court should not halt the military commission proceedings involving Mr. al Baluchi.

The military commission proceedings involving Mr. al Baluchi have continued without interruption since the Convening Authority signed pretrial agreements with Respondents on July 31, 2024. As the parties have litigated the validity of the Secretary of Defense's purported withdrawal from the pretrial agreements, the government and Mr. al Baluchi have concurrently continued to litigate Mr. al Baluchi's motion to suppress his 2007 statements to the FBI and other motions in the military commission. Between August and December 2024, the government and Mr. al Baluchi called witnesses, completed the presentation of evidence, and submitted briefing on the question of whether the government has carried its initial burden of proof in Mr. al Baluchi's suppression hearing before the military commission. The government and Mr. al Baluchi now expect to proceed to oral argument on the burden of proof aspect of Mr. al Baluchi's motion during the remainder of the scheduled January 2025 military commission hearings.

The parties and military commission have unequivocally indicated that any litigation related to the pretrial agreements for Mr. Mohammad, Mr. bin 'Atash, and Mr. al Hawsawi should not stop the military commission proceedings related to Mr.

7

al Baluchi.  On November 10, 2024, after the government announced its intention to seek review in the USCMCR of the military commission's decision to enforce the three pretrial agreements, the parties addressed the potential impact of a stay on Mr. al Baluchi's case.  The military commission stated: "[G]iven the current posture of the case where the government is intending to appeal, I don't want any potential stay to affect the progress that we are continuing to make in the case involving Mr. Ali."[17] The government agreed, responding: "And just to clarify, the stay that we're going to be requesting shouldn't impact in this way Mr. Ali.  It is specific to the entry – it was going to be specific to the entry for the motions for pleas [for Respondents] . . . . We're going to continue to go forward and not ask for any mandamus or stay from the CMCR on Mr. Ali's section of the case."[18]  The following day, counsel for Mr. al Baluchi addressed the question of severance, reiterating that "all the parties believe that the motion-to-suppress issue for Mr. al Baluchi is – can go forward separately [from potential review of the pretrial agreements] without formal severance of any kind."[19]

---

[17]  Unofficial/Unauthenticated Transcript of November 10, 2024 at 51302, https://www.mc.mil/Portals/0/pdfs/KSM2/KSM%20II%20(803TRANS10Nov2024 -MERGED).pdf.

[18] *Id.* at 51303.

[19]  Unofficial/Unauthenticated Transcript of November 11, 2024 at 51317, https://www.mc.mil/Portals/0/pdfs/KSM2/KSM%20II%20(803TRANS11Nov2024 -MERGED).pdf.

Finally, on January 8, 2025, the United States clarified that it did not seek a stay of proceedings involving Mr. al Baluchi.  After Mr. al Baluchi raised the ambiguity of the United States' prayer for relief, the military commission directed the United States to clarify its position. Late afternoon on January 8, the United States advised the military commission as follows:

> The Prosecution team has clarified with the Department of Justice that the emergency motion for a stay does not seek a stay of the entire military commission case; rather, it seeks a targeted stay for the limited purpose of preventing the Commission from enforcing the withdrawn pretrial agreements and accepting the pleas of Messrs. Mohammad, Bin 'Attash, and Hawsawi, until the D.C. Circuit can decide the merits of the government's petition for a writ of mandamus and prohibition.

## CONCLUSION

Because Mr. al Baluchi's interests with regard to a stay of proceedings in the military commissions are distinct from those of Mr. Mohammad, Mr. bin 'Atash and Mr. al Hawsawi, he should be allowed to intervene, and the Court should decline to stay the military commission proceedings involving Mr. al Baluchi.

Respectfully submitted,

*Rita Radostitz*

RITA J. RADOSTITZ
Defense Counsel

9

//s//
JAMES G. CONNELL, Ill
Learned Counsel

//s//
DEFNE OZGEDIZ
Defense Counsel

//s//
ALKA PRADHAN
Defense Counsel

.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2025, copies of the foregoing Motion for Leave to Intervene and Opposition to United States' Motion for Stay were served by electronic mail to:

*Rita Radostitz*
_____
Rita J. Radostitz
Counsel for Mr. al Baluchi

11

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

In accordance with the requirements of Fed. R. App. P. 21(d), this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this Response was composed using Microsoft Word in 14-point Times New Roman font, a proportionally spaced font. The word count is 2719 words.

*Rita Radostitz*
Rita J. Radostitz
Counsel for Mr. al Baluchi