[ORAL ARGUMENT NOT SCHEDULED]
No. 25-1009

---

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT

_____

In re UNITED STATES, Petitioner

_____

ON PETITION FOR A WRIT OF MANDAMUS AND PROHIBITION

_____

RESPONDENT WALID BIN 'ATASH'S RESPONSE TO GOVERNMENT'S
EMERGENCY MOTION FOR A STAY AND FOR AN ADMINISTRATIVE
STAY PENDING DISPOSITION OF THE STAY MOTION

MATTHEW L. ENGLE
matthew.l.engle.civ@mail.mil
757-927-8854

WILLIAM R. MONTROSS Jr.
william.montross3.civ@mail.mil
757-975-4967

TASNIM MOTALA
tasnim.motala.civ@mail.mil
757-240-9758

MARIAN D. MESSING
Captain, JA, USAR
marian.d.messing.mil@mail.mil
757-975-7273

EDWIN A. PERRY
edwin.a.perry5.civ@mail.mil
757-975-4946

ANISHA P. GUPTA
anisha.p.gupta.civ@mail.mil
757-975-7301

DANIEL M. GOLDBERG
Lieutenant Colonel, JA, USA
daniel.m.goldberg.mil@mail.mil
757-975-7488

AUSTIN W.R. RIDGEWAY
Lieutenant, JAGC, USN
austin.w.ridgeway2.mil@mail.mil
757-927-7358

Military Commissions Defense Organization
1620 Defense Pentagon
Washington DC 20301-1620

## TABLE OF CONTENTS

Table of Authorities ................................................................................................. ii

Argument.................................................................................................................1

Conclusion ..............................................................................................................5

Certificate of Compliance .......................................................................................7

Certificate of Service ..............................................................................................8

# TABLE OF AUTHORITIES

**Cases**

Air Line Pilots Ass'n, Int'l v. Dep't of Transp., 880 F.2d 491 (D.C. Cir. 1989)......1

Cheney v. U.S. Dist. Ct. for the District of Columbia, 542 U.S. 367 (2004)............1

Dufur v. U.S. Parole Commission, 34 F.4th 1090 (D.C. Cir. 2022) .........................2

Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 920 F.3d 1 (D.C. Cir. 2019)................................................................................................................6

Middendorf v. Henry, 425 U.S. 25 (1976)............................................................3, 4

Navajo Nation v. U.S. Department of Interior, 852 F.3d 1124 (D.C. Cir. 2017)......5

Nken v. Holder, 556 U.S. 418 (2009).......................................................................1

Noyd v. Bond, 395 U.S. 683 (1969) .........................................................................4

United States v. Clarke, 628 F. Supp. 2d 1 (D.D.C. 2009).......................................1

United States v. Dean, 67 M.J. 224 (C.A.A.F. 2009) ...............................................3

United States v. DiDonna, 866 F.3d 40 (1st Cir. 2017)............................................4

United States v. Johnson, 982 F.2d 1192 (8th Cir. 1992).........................................4

Walters v. Secretary of Defense, 725 F.2d 107 (D.C. Cir. 1983).............................3

**Rules**

R.C.M. 705(e)(4)(B)(i)..............................................................................................3

R.M.C. 705(d)(4)(B) ............................................................................................2, 3

# ARGUMENT

The Government cannot possibly establish a "clear and indisputable"[1] right to mandamus relief when four out of four judges to have considered the matter thus far have concluded that the right the Government seeks to vindicate does not exist. That is, four out of four judges—each with extensive experience in military justice—have examined the Secretary of Defense's attempt to sabotage the pretrial agreements in the 9/11 case and determined that he had no right to withdraw because the co-Accused had already begun performing on their promises therein. Without a clear and indisputable right, the Government fails to satisfy the "irreducible minimum"[2] for mandamus relief and, consequently, cannot demonstrate a likelihood of success on the merits of the underlying action.[3] This should be the start and end of the Court's disposition of the Government's eleventh-hour request[4] for an emergency stay.

---

[1] Cheney v. U.S. Dist. Ct. for the District of Columbia, 542 U.S. 367, 380-381 (2004) (internal quotation marks omitted).
[2] Air Line Pilots Ass'n, Int'l v. Dep't of Transp., 880 F.2d 491, 503 (D.C. Cir. 1989).
[3] See Nken v. Holder, 556 U.S. 418, 434 (2009); see also United States v. Clarke, 628 F. Supp. 2d 1, 10 (D.D.C. 2009) ("The motion to stay is closely intertwined with defendant's mandamus action, and hence it is necessary to evaluate the likelihood of success on that action in deciding whether to stay the criminal prosecution.").
[4] The Government has been aware for nearly two months that the Military Commission intended to conduct plea agreement inquiries during the first two weeks of the January 2025 hearings in this case. Nothing prevented the Government, "a frequent and sophisticated litigant capable of enforcing its own

As the Government recognizes, it must show that the Secretary's attempted withdrawal from the pretrial agreements was timely to prevail on its request for mandamus.[5] Rule 705(d)(4)(B) of the Rules for Military Commissions ("R.M.C.") sets out the circumstances in which the "convening authority" may withdraw from a pretrial agreement. The only circumstance the Government has invoked[6] to justify the Secretary's actions is the one that permits the "convening authority" to withdraw "at any time before the accused begins performance of promises contained in the agreement."[7] The Government contends that the co-Accused took no "relevant action to perform the agreements during the two-day period" between the execution of the pretrial agreements by the Convening Authority and the Secretary's attempted withdrawal.[8]

When the Government presented this exact argument to the Commission and the Court of Military Commission Review ("CMCR"), every judge rejected it and found that the co-Accused had begun performance under R.M.C. 705(d)(4)(B),

---

procedural rights and defenses," from drafting a stay application and lodging it in this Court even before the Court of Military Commission Review issued its ruling. Dufur v. U.S. Parole Commission, 34 F.4th 1090, 1097 (D.C. Cir. 2022). The Court should look askance at the Government's last-ditch attempt to thwart pretrial agreements that were endorsed by its own prosecutors and lawfully entered into by the Convening Authority after 27 months of painstaking negotiations.

[5] See Gov. Stay Motion at 10.
[6] See Gov. Pet. at 7, 11.
[7] R.M.C. 705(d)(4)(B).
[8] Gov. Stay Motion at 2.

2

thereby closing the curtain on the Government's ability to withdraw from the pretrial agreement.[9] Those tribunals' conclusions were grounded in a decision of the Court of Appeals for the Armed Forces ("CAAF")[10]—whose opinions are "to be accorded 'great deference' by Article III courts"[11]—and a textual comparison of R.M.C. 705(d)(4)(B) with its current courts-martial analog, which provides the convening authority more leeway to withdraw.[12]

The Commission's and CMCR's rulings are entitled to deference from this Court. The Military Judge and the three CMCR judges have substantial military justice experience: three are Active Duty judge advocates (Judges McCall, Richardson, and Kirkby), and one is a retired Army colonel (Judge Schenck). And all four judges agreed that R.M.C. 705(d)(4)(B), a uniquely military creation (with an analog in the courts-martial system), precluded the Secretary from withdrawing from the pretrial agreements. In this "area[] of law peculiar to the military

---

[9] Gov. Pet., Ex. A ("MC Ruling") at 26-27; Gov. Pet., Ex. B ("CMCR Ruling") at 17-18.
[10] MC Ruling at 16, 25-28 (discussing United States v. Dean, 67 M.J. 224, 225-228 (C.A.A.F. 2009)); CMCR Ruling at 16-17 (same).
[11] Walters v. Secretary of Defense, 725 F.2d 107, 109 n.3 (D.C. Cir. 1983) (quoting Middendorf v. Henry, 425 U.S. 25, 43 (1976)).
[12] MC Ruling at 17, 27 n.116 (contrasting R.M.C. 705(d)(4)(B) with Rule for Courts-Martial 705(e)(4)(B)(i)); CMCR Ruling at 18-19 & n.10 (same).

3

branches," these judges' decisions, and the CAAF opinion on which they rely, are "entitled to great deference."[13]

Finally, in this stay action, the Government invokes principles of fairness and justice. But, in fact, the Government is asking the Court to legitimize a bait-and-switch—the very definition of unfairness and injustice.[14] For years, the Government assured the Commission, the co-Accused, and the public, including family members of 9/11 victims,[15] that the Convening Authority, retired Brigadier General Susan Escallier, had the *sole* authority to enter into pretrial agreements on behalf of the Government in the 9/11 case.[16] Only after the ink had dried on the pretrial agreements did the Secretary of Defense announce that the decision whether to enter into pretrial agreements should have been his all along. The

---

[13] Middendorf, 425 U.S. at 43; see also Noyd v. Bond, 395 U.S. 683, 694 (1969) (noting that military justice involves "distinctive problems and legal traditions" that are "radically different from that which is common in civil courts"); see also id. at 696 (counseling federal courts to show deference to military courts when interpreting "provisions of the Uniform Code [of Military Justice] which have no analogs in civilian jurisprudence").

[14] Cf. United States v. DiDonna, 866 F.3d 40, 50 (1st Cir. 2017) ("In dealing with criminal defendants, the government must turn square corners. It cannot use bait-and-switch tactics[.]"); United States v. Johnson, 982 F.2d 1192, 1198 (8th Cir. 1992) ("We believe that the defense should be able to trust in the government's assurances[.]").

[15] See MC Ruling at 8 (quoting letter from prosecutors to victim family members describing BG Escallier as "the United States Government official empowered by the Secretary of Defense with authority to, among other things, enter into pre-trial agreements on behalf of the United States government").

[16] See id. at 4-8.

4

Secretary's theory is that he could have seized authority over pretrial agreements at any point in the life of the case. Even if he were correct (he is not), then he could have intervened at any time to prevent his designee from entering into a binding agreement with the co-Accused in the first place. For whatever reason, he chose not to do so. Mandamus is not appropriate to undo an action that the Secretary could have—at least in his own view of the law—preempted, but chose not to.[17] There is no reason for this Court to issue a stay when the ultimate remedy sought by the Government, mandamus, is so clearly indefensible and tardy.

## CONCLUSION

In sum, four out of four judges have already concluded that the Secretary had no right whatsoever to withdraw from the pretrial agreements. Nevertheless, the Government claims he had a "clear and indisputable" right to do so. When every judge to have considered the issue disagrees that a right exists, it cannot be deemed "clear and indisputable." Indeed, the only parties with an indisputable right are the co-Accused, who are entitled to enforcement of the pretrial agreements to which the Government remains bound. Because the Government cannot establish an indisputable right to relief, it has no likelihood of success on the merits of its mandamus petition. Therefore, this Court should deny the

---

[17] Cf. Navajo Nation v. U.S. Department of Interior, 852 F.3d 1124, 1130 (D.C. Cir. 2017) ("The Court will not reward [the government]'s lack of diligence in the name of 'equity.'").

5

Government's stay request and permit the Commission to proceed with plea agreement inquiries.[18]

|  |  |
|---|---|
|  | Respectfully submitted, |
| /s/<br>MATTHEW L. ENGLE<br>Learned Counsel | /s/<br>EDWIN A. PERRY<br>Detailed Defense Counsel |
| /s/<br>WILLIAM R. MONTROSS Jr.<br>Detailed Defense Counsel | /s/<br>ANISHA P. GUPTA<br>Detailed Defense Counsel |
| /s/<br>TASNIM MOTALA<br>Detailed Defense Counsel | /s/<br>DANIEL M. GOLDBERG<br>Lieutenant Colonel, JA, USA<br>Detailed Military Defense Counsel |
| /s/<br>MARIAN D. MESSING<br>Captain, JA, USAR<br>Detailed Military Defense Counsel | /s/<br>AUSTIN W.R. RIDGEWAY<br>Lieutenant, JAGC, USN<br>Detailed Military Defense Counsel |

---

[18] See Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 920 F.3d 1, 10 (D.C. Cir. 2019) (per curiam) ("[B]ecause the plaintiffs have shown no likelihood of success on the merits, we choose not to proceed to review the other three preliminary injunction factors." (internal quotation marks omitted)).

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   This document contains 1,367 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   This document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/
EDWIN A. PERRY
Counsel for Mr. bin 'Atash
Dated:  8 January 2025

## CERTIFICATE OF SERVICE

I certify that the foregoing response was served via this Court's CM/ECF system on:

MATTHEW G. OLSEN
BRIAN H. FLETCHER
Counsel for United States, Petitioner

I additionally certify that the foregoing response was served via electronic mail on:

GARY D. SOWARDS
Learned Counsel for Mr. Mohammad, Respondent
gsowards@mcbreensenior.com

WALTER B. RUIZ
Learned Counsel for Mr. al-Hawsawi, Respondent
walter.b.ruiz.civ@mail.mil

JAMES G. CONNELL, III
Learned Counsel for Mr. al Baluchi, Intervenor in the CMCR
james.g.connell7.civ@mail.mil

/s/
EDWIN A. PERRY
Counsel for Mr. bin 'Atash
Military Commissions Defense Organization
1620 Defense Pentagon
Washington, D.C. 20301-1620
edwin.a.perry5.civ@mail.mil
757-975-4946