No. 25-1009

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

IN RE: UNITED STATES OF AMERICA,
Petitioner

**MEDIA COALITION REPLY IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING PRE-TRIAL AGREEMENTS FILED IN THIS APPEAL**

BALLARD SPAHR LLP

David A. Schulz
1675 Broadway, 19th Floor
New York, NY 10019
(212) 223-0200
schulzd@ballardspahr.com

Matthew E. Kelley
1 East Washington Street
Suite 2300
Phoenix, AZ 85004
(602) 798-5400
kelleym@ballardspahr.com

*Counsel for The New York Times Company, The Associated Press, CBS Broadcasting Inc., Fox News Network, LLC, Lawdragon Inc., National Public Radio, Inc., and WP Company LLC d/b/a The Washington Post*

The New York Times Company ("The Times"); The Associated Press ("AP"); CBS Broadcasting Inc. ("CBS News"); Fox News Network, LLC ("FOX News"); Lawdragon Inc. ("Lawdragon"); National Public Radio, Inc. ("NPR"); and WP Company LLC d/b/a The Washington Post (the "Post") (collectively, "Media Movants") respectfully submit this reply in support of their Motion to Intervene for the Limited Purpose of Unsealing Pre-Trial Agreements ("Mot. to Intervene").

## ARGUMENT

The Government "takes no position" on the motion to intervene, *see* Response to the Media Movants' Motion to Intervene ("Gov't Resp.") at 3, but invites the Court to deny the motion by mistakenly portraying the "'policies underlying intervention" as resting "in rough equipoise here," *id.* at 4. They do not.

The Government does not dispute that the prerequisites for intervention are satisfied and does not deny that this Court routinely endorses intervention as the proper procedure to challenge a sealing order. *See* Mot. to Intervene at 5; *League of Women Voters of the United States v. Newby*, 963 F.3d 130, 135 (D.C. Cir. 2020) (noting that every circuit court to have considered the question has found that nonparties may permissively intervene to challenge confidentiality orders). The Government nevertheless suggests that these dispositive factors should

somehow be considered offset here because a motion to unseal the Pretrial Agreements at the Military Commission remains pending and "this Court normally expects putative intervenors to move first in the trial court, rather than bypass the trial judge and seek relief directly in this Court." Gov't Resp. at 4.

This claim of a countervailing consideration is entirely misdirected. The notion that "putative intervenors" should normally "move first in the trial court" is beside the point since Media Movants did seek relief first before the Military Commission. Nor is there any proper basis for this Court to delay consideration of the request to unseal because the records Media Movants seek to unseal are now the records of *this* Court. "Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Media Movants assert a right of contemporaneous access to the records of this proceeding, and it is this Court that must determine whether those records may properly be sealed.

## CONCLUSION

Intervention is the necessary and proper mechanism for Media Movants to vindicate their First Amendment and common-law rights of access to this Court's records and the motion to intervene should be granted.

Dated: January 30, 2025						Respectfully submitted,

								BALLARD SPAHR LLP

								*/s/ David A. Schulz*
								David A. Schulz

2

1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 223-0200
Fax: (212) 223-1942
schulzd@ballardspahr.com

Matthew E. Kelley
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: (602) 798-5400
Fax: (602) 798-5595
kelleym@ballardspahr.com

*Counsel for The New York Times Company, The Associated Press, CBS Broadcasting Inc., Fox News Network, LLC, Lawdragon Inc., National Public Radio, Inc., and WP Company LLC d/b/a The Washington Post*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d), the undersigned counsel certifies that this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this Motion was composed using Microsoft Word in 14-point Times New Roman font, a proportionally spaced font. The word count is 401 words.

January 30, 2025                                              */s/ David A. Schulz*
                                                                      David A. Schulz

# CERTIFICATE PURSUANT TO D.C. CIRCUIT RULE 27

Pursuant to D.C. Circuit Rule 27, I hereby certify that the following is a list of all persons who appear on the docket as parties, intervenors, or amici in this court:

**Petitioner**:
United States of America
*Counsel for Petitioner*:
Matthew G. Olsen
Brian H. Fletcher
Melissa N. Patterson
Mark R. Freeman
U.S. Department of Justice

**Respondent**:
Walid Bin 'Atash
*Counsel for Respondent*:
Matthew L. Engle
William R. Montross Jr.
Tasnim Motala
Marian D. Messing
Edwin A. Perry
Anisha P. Gupta
Daniel M. Goldberg
Austin W.R. Ridgeway
Military Commissions Defense Organization

**Respondent**:
Mustafa Al Hawsawi
*Counsel for Respondent*:
Walter B. Ruiz
Suzanne M. Lachelier
Sean M. Gleason
Maj. Kerry A. Mawn
Maj. Patrick C. Tipton
Military Commission Defense Organization

**Respondent**:
Khalid Sheikh Mohammed
*Counsel for Respondent*:
Michael Paradis
Gary Sowards
Denny LeBoeuf
Delphine Lourtau
Nicholas McCue
Gabriela McQuade
Melanie Partow
Maj. Michael Leahy
Maj. Elspeth Theis
LT William Xu
Military Commission Defense Organization

**Intervenor**:
Ammar Al Baluchi
*Counsel for Intervenor*:
Rita Radostitz
James G. Connell, III
Defne C. Ozgediz
Alka Pradhan
U.S. Department of Defense

And I further certify that the following is a list of all other parties, intervenors, and amici who appear on the docket as parties, intervenors or amici before the Court of Military Commission Review below:

**Prosecution/Petitioner**:
United States of America
*Counsel for Prosecution/Petitioner*:
Aaron Rugh
Clay Trivett
Jeffrey Groharing
Charles Zelnis
Office of the Military Commissions

3

**Accused/Respondent**:
Khalid Shaikh Mohammad
*Counsel for Accused/Respondent*:
Gary D. Sowards
Denny LeBoeuf
Nicholas W. McCue
Michael P. Leahy
David S. Nevin
Gabriela M. McQuade
Elspeth G. Theis
William Z. Xu
Military Commission Defense Organization

**Accused/Respondent**:
Walid Muhammad Salih Mubarak Bin 'Attash
*Counsel for Accused/Respondent*:
Matthew L. Engle
William R. Montross, Jr.
Tasnim Motala
Austin W. R. Ridgeway
Edwin A. Perry
Anisha P. Gupta
Marian D. Messing
Military Commission Defense Organization

**Accused/Respondent**:
Mustafa Ahmed Adam al Hawsawi
*Counsel for Accused/Respondent*:
Walter B. Ruiz
Suzanne M. Lachelier
Patrick C. Tipton
Sean M. Gleason
Kerry A. Mawn
Military Commission Defense Organization

**Movants/Intervenors**:
The New York Times Company, WP Company LLC d/b/a The Washington Post, NBCUniversal Media, LLC, The Associated Press, Fox News Network, LLC, Univision Networks & Studios, Inc. and National Public Radio, Inc.
*Counsel for Movants/Intervenors*:

4

David A. Schulz  
Matthew E. Kelley  
Kennison Lay  
Ballard Spahr LLP  

Dated: January 30, 2025              /s/ David A. Schulz

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of January, 2025, a true and correct copy of the foregoing was served on counsel for all parties via the Court's ECF system.

<u>*/s/ David A. Schulz*</u>
David A. Schulz