ARGUED ON JANUARY 28, 2025
No. 25-1009

---

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT

⎯⎯⎯⎯⎯⎯

In re UNITED STATES, Petitioner

⎯⎯⎯⎯⎯⎯

RESPONDENT WALID BIN 'ATASH'S
REPLY IN SUPPORT OF HIS PETITION FOR REHEARING *EN BANC*

MATTHEW L. ENGLE
*Learned Counsel for Mr. bin 'Atash*

EDWIN A. PERRY
WILLIAM R. MONTROSS Jr.
ANISHA P. GUPTA
TASNIM MOTALA
CPT MARIAN D. MESSING, JA, USAR
LT AUSTIN W.R. RIDGEWAY, JAGC, USN
*Counsel for Mr. bin 'Atash*

Military Commissions Defense Organization
1620 Defense Pentagon
Washington DC 20301-1620
matthew.l.engle.civ@mail.mil
703-695-5014

The Military Commissions Act of 2009 provides that the "procedures for military commissions . . . are based upon the procedures for trial by general courts-martial" under the Uniform Code of Military Justice ("U.C.M.J."). 10 U.S.C. § 948b(c). It also provides that the "judicial construction and application" of the U.C.M.J. is "instructive" for interpreting analogous rules in the military commissions. *Id.* And it further provides that the "procedures . . . applicable in trials by general courts-martial . . . shall apply in trials by military commissions" (with exceptions). *Id.* § 949a(a).

The military judge did exactly what Congress directed. He turned to caselaw from the military's highest court involving an identically worded courts-martial rule, *United States v. Dean*, 67 M.J. 224 (C.A.A.F. 2009), and used it to guide his interpretation of the pertinent commissions rule. Based on *Dean*'s holding that entry into a stipulation of fact with the prosecution counts as beginning performance of a promise in a pretrial agreement ("PTA"), the military judge concluded that the Secretary's attempted withdrawal from Mr. bin 'Atash's PTA was untimely. Pet. Ex. A. at 16–17, 26–28.

Yet the majority deems the military judge's compliance with the Military Commissions Act and reliance on directly relevant caselaw clear error. According to the majority, rather than following Congress's directive, the military judge should have relied on contract hornbooks and a random smattering of civil

contracts cases instead of the body of law Congress deemed "instructive." The military judge should have done this, the majority said, even though the military's highest court has repeatedly rejected contract law as the ultimate arbiter of what a PTA means[1]—a point the government nowhere disputes.

The panel turned mandamus jurisprudence upside down. In the "absence of binding precedent" in support of a mandamus petitioner's position, the writ should be denied. *In re al-Nashiri*, 791 F.3d 71, 86 (D.C. Cir. 2015) (internal quotation marks omitted). Here, the majority and government have never identified any relevant precedent in support of the Secretary's attempt to cancel the PTA. What's more, the most applicable precedent, *Dean*, directly contradicts the government's position. Yet it is somehow the military judge who committed clear error.

The government attempts to overcome the reality that its claim to relief "is not clearly mandated by statutory authority or case law" and therefore unworthy of the writ, *In re Al Baluchi*, 952 F.3d 363, 369 (D.C. Cir. 2020), by invoking *United States v. Fokker Services B.V.*, 818 F.3d 733 (D.C. Cir. 2016). *See* Gov. Resp. at

---

[1] *See, e.g.*, *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) ("[W]hen interpreting pretrial agreements, contract principles are outweighed by the Constitution's Due Process Clause protections for an accused." (internal quotation marks omitted)); *United States v. Kazena*, 11 M.J. 28, 31 (C.M.A. 1981) (noting "reluctance of this Court to decide [PTA] questions strictly on contract-law grounds"); *United States v. Dawson*, 10 M.J. 142, 150 (C.M.A. 1981) ("This Court on numerous occasions has attempted . . . to prevent contract law from dominating the military justice system.").

2

15. In that case, this Court said it has "never required the existence of a prior opinion addressing the precise factual circumstances or statutory provision at issue in order to find clear error." *Fokker*, 818 F.3d at 749–750. But the Court went on to explain that this was because the instances in which it found mandamus to be warranted were those in which the lower court did something so unusual that no appellate court had ever had occasion to review it. *Id.* at 750; *see also J.G.G. v. Trump*, 147 F.4th 1044, 1071 (Mem.) (D.C. Cir. 2025), (Rao, J., concurring) (mandamus "is often granted to correct," not adopt, "judicial innovations"). Here, the military judge did nothing of the sort.[2]

The majority's promiscuous issuance of the writ based on such flimsy grounds "contravene[d] . . . settled precedent requiring an exceptional and demanding justification for mandamus relief." *J.G.G. v. Trump*, No. 25-5124, 2025 WL 3198891, at *4 (D.C. Cir. Nov. 14, 2025) (Millett, J., dissenting from denial of rehearing *en banc*). This case deserves *en banc* review.

---

[2] To be clear, *Dean*'s holding that entry into a stipulation of fact with the prosecution qualifies as beginning performance, even if it precedes the convening authority's acceptance of a PTA offer, was not *dicta*. *Contra* Majority Op. at 35 n.10; Gov. Resp. at 17. There was no ambiguity in *Dean*'s statement: "Dean either performed or began to perform several of the promises listed in the agreement before the convening authority announced his withdrawal," including that "he entered into a stipulation of fact with trial counsel as to the circumstances of the offense." 67 M.J. at 228.

3

Respectfully submitted,

/s/
MATTHEW L. ENGLE
Learned Counsel

/s/
EDWIN A. PERRY
Detailed Defense Counsel

/s/
WILLIAM R. MONTROSS Jr.
Detailed Defense Counsel

/s/
ANISHA P. GUPTA
Detailed Defense Counsel

/s/
TASNIM MOTALA
Detailed Defense Counsel

/s/
MARIAN D. MESSING
Captain, JA, USAR
Detailed Military Defense Counsel

/s/
AUSTIN W.R. RIDGEWAY
Lieutenant, JAGC, USN
Detailed Military Defense Counsel

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This reply complies with the word-volume limit of FED. R. APP. P. 32(a)(7)(B)(ii) because, excluding parts exempted by FED. R. APP. P. 32(f) and CIRCUIT RULE 32(e)(1):

    This reply contains 778 words.

2. This reply complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

    This reply has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

                                         /s/
                                         MATTHEW L. ENGLE
                                         Learned Counsel for Mr. bin 'Atash
                                         Dated:  Dec. 17, 2025

## CERTIFICATE OF SERVICE

I certify that on December 17, 2025, Mr. bin 'Atash's reply in support of his petition for rehearing *en banc* was served via this Court's CM/ECF system on all counsel who appear for the parties.

/s/
MATTHEW L. ENGLE
Learned Counsel for Mr. bin 'Atash
Military Commissions Defense Organization
1620 Defense Pentagon
Washington, D.C. 20301-1620
matthew.l.engle.civ@mail.mil
703-695-5014