ORAL ARGUMENT HELD ON JANUARY 28, 2025
Case No. 25-1009

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

IN RE: UNITED STATES,

*Petitioner*.

On petition for a writ of mandamus from a decision of the
Court of Military Commission Review

**Respondents' Reply in Support of their Petition for Rehearing En Banc**

Walter B. Ruiz
Suzanne M. Lachelier
Sean M. Gleason
Maj Nichole Timmreck, JA, USAF

Military Commission Defense
   Organization
1620 Defense Pentagon
Washington, DC 20301-1620

*Counsel for Respondent,*
*Mustafa Al Hawsawi*

Michel Paradis
Gary Sowards
Denny LeBoeuf
Gabriela McQuade
Delphine Lourtau
Derek Poteet
Nicholas McCue
Melanie Partow
Maj Michael Leahy, JA, USAF
Maj Elspeth Theis, JA, USAF
Capt Ayana Anderson, JA, USAF
LT William Xu, JAGC, USN

Military Commission Defense
   Organization
1620 Defense Pentagon
Washington, DC 20301-1620

*Counsel for Respondent,*
*Khalid Sheikh Mohammad*

## TABLE OF CONTENTS

Table of contents ................................................................................................ i

Table of Authorities ........................................................................................... ii

REPLY ................................................................................................................ 1

    I.   The majority's intervention was unnecessary. ............................................... 2

    II.  The majority's intervention was unwarranted. .............................................. 3

    III. The consequences of the panel's decision warrant rehearing en banc. .......... 6

CONCLUSION ................................................................................................... 9

Certificate of Compliance with Rule 40(d) ....................................................... 10

Certificate of Service ........................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Al-Hela v. Biden*,
  66 F.4th 217 (D.C. Cir. 2023) ................................................................. 7

*Bahlul v. United States*,
  840 F.3d 757 (D.C. Cir. 2016) ................................................................ 7

*In re Al Baluchi*,
  952 F.3d 363 (D.C. Cir. 2020) ................................................................ 5

*J.G.G. v. Trump*,
  No. 25-5124, 2025 WL 3198891 (D.C. Cir., Nov. 14, 2025) ........................... 1, 7

United States v. Dean,
  67 M.J. 224 (C.A.A.F. 2009) .................................................................. 5

*United States v. Fokker Services B.V.*,
  818 F.3d 733 (D.C. Cir. 2016) ................................................................ 5

United States v. Scott,
  437 U.S. 82 (1978) ............................................................................ 4

*Will v. United States*,
  389 U.S. 90 (1967) ............................................................................ 4

**Other Authorities**

Rule for Military Commissions 705 ....................................................... 3

# REPLY

The parties agree that this case is of "immense national importance." Resp.6, 10, 13; *see also* Op.50. Rehearing en banc is warranted because justice in this case has been delayed for nearly a quarter-century and a sharply divided panel delayed it further by granting mandamus relief on the fact-bound question of whether Respondents began performance of their plea agreements. In doing so, the majority created an acknowledged circuit split, dispensed with the traditionally demanding standard for mandamus relief, and condemned the public, the victims, and Respondents to a trial process that is now unlikely to achieve finality for decades, if ever.

Rehearing en banc is warranted because the majority's published opinion is precedential and will have significant practical effects for years to come. *J.G.G. v. Trump*, No. 25-5124, 2025 WL 3198891, at *2 (D.C. Cir., Nov. 14, 2025) (Pillard, Wilkins, and Garcia, J.J. respecting the denial of rehearing en banc). If left to stand, it will "dilute[] [this Court's] rigorous standard for granting mandamus relief and impl[y], through its sheer novelty, that the government is not subject to the same rules and standards as other litigants who seek justice before courts of law." *Id.* at *5 (Pan, J., dissenting from the denial of rehearing *en banc*).

1

## I.  The majority's intervention was unnecessary.

The government resists rehearing by framing the majority's opinion as having "Restored the Secretary's Authority Over A Military Commission of Immense National Importance." Resp.10. This is simply not true. When the government petitioned this Court for mandamus, the Secretary's broad discretionary authority over the military commissions, and specifically to withdraw a subordinate convening authority's power to enter into plea agreements, had already been "restored" by the Court of Military Commission Review ("CMCR").

To be sure, the trial judge had held that the procedure the Secretary used to assert his authority to withdraw from the pretrial agreements in this particular case was impermissible. What the government conspicuously fails to mention, however, and what the panel majority itself appears to have overlooked, is that the government prevailed before the CMCR in challenging this aspect of the trial court's decision. Pet.Ex.B, at 7 ("We agree with petitioner that powerful 'interlocking authorities' give the Secretary of Defense supervisory authority to replace BG (Ret.) Escallier as convening authority for [pretrial agreements.]").

The *only* ground on which the government lost before the CMCR, and the only question on which it sought this Court's intervention via mandamus, was the narrow, fact-bound question of whether the Secretary exercised that authority too late. The CMCR unanimously ruled that he had because, as the trial judge found,

Respondents had begun performance under their plea agreements and none of the other conditions specified in the Rules for Military Commissions ("R.M.C.") permitting withdrawal had been satisfied. *Id*. at 18 ("there is no evidence that any of [the conditions in Rule for Military Commissions 705(d)(4)(B)] apply. Petitioner has not clearly established their right to a writ reversing the military judge's decision to vacate the Secretary's memorandum withdrawing the PTAs").

The majority therefore did not resolve some lingering uncertainty respecting the Secretary's authority over the military commissions. Instead, it intervened in the government's favor on a mixed question of law and fact, after the government failed to persuade *any* of the military judges, whom the Secretary had appointed, that the Secretary complied with the rules that the Secretary had promulgated.

**II.    The majority's intervention was unwarranted.**

Rehearing en banc is necessary to clarify what a petitioner must show when seeking a writ of mandamus from this Court. Answering that question is exceptionally important because the majority granted the government extraordinary relief, despite its inability to make any of the showings that this Court has required before taking the "drastic" step of issuing a writ of mandamus.

1.    The majority granted mandamus even though the government made no showing that it had a clear and indisputable right to invoke the appellate jurisdiction of this Court. The government accuses Respondents of having a

3

"blinkered understanding of mandamus authority" and raising an objection with "no support in law or logic." Resp.20. The law, however, is the Supreme Court's unanimous holding that there is no basis for "the use of the writ to review an interlocutory procedural order in a criminal case which did not have the effect of a dismissal." *Will v. United States*, 389 U.S. 90, 96–97 (1967). The logic is that interlocutory appeals in criminal cases are disfavored, government appeals in criminal cases are doubly disfavored, and courts should not think themselves wiser than Congress, when it has defined the government's appellate rights in criminal cases. *United States v. Scott*, 437 U.S. 82, 84-85 (1978) ("the United States has no right of appeal in a criminal case absent explicit statutory authority.").

    **2.**    The majority granted mandamus even though the government made no showing that the trial court's dispositive findings of fact were clearly and indisputably wrong. The government contends that majority was correct to review the record *de novo* because the "'relevant facts concerning Respondents' conduct are 'documented' and 'not in question.'" Resp.16. But as Judge Wilkins explained in detail, this is not true. Wilkins.5-18. It is difficult to imagine how answering whether a criminal accused "beg[an] performance" could be anything other than a mixed question of law and fact. And if truly a pure question of law, the panel majority would not have issued three separate orders directing the government to submit additional excerpts of the trial record, so that it could attempt to reconstruct

4

facts that were not evident to the trial judge and that the government had not clearly and indisputably established in its petition.

**3.** The majority granted mandamus even though the government made no showing that this Court's intervention was "clearly mandated by statutory authority or case law." *In re Al Baluchi*, 952 F.3d 363, 369 (D.C. Cir. 2020). In fact, the government concedes that it has no such authority. Instead, it insists that this Court's decision in *United States v. Fokker Services B.V.*, 818 F.3d 733 (D.C. Cir. 2016), relieves it of that burden. Resp.15. But in *Fokker*, mandamus was granted because the governing statute so clearly favored the government that the trial court was the very first to construe it any other way. Here, the opposite is true. The country's highest military court encountered the identical dispute presented here, interpreted the identical rule, and determined the government's preferred reading of that rule was wrong. *United States v. Dean*, 67 M.J. 224 (C.A.A.F. 2009).

**4.** The majority granted mandamus even though the government made no showing that "it is clear and indisputable that the Commission abused its discretion in arriving at [its] conclusions." *Baluchi*, 952 F.3d at 370-71. Indeed, it is impossible to see how the trial court could have abused its discretion when both it and the CMCR applied long-settled military law, which the government itself

5

agrees would have barred the Secretary from withdrawing from Respondents' pretrial agreements had it applied directly.

The government retorts that this Court was not "obliged to defer to the military courts' application of an analogous court-martial rule." Resp.16. Perhaps in the context of a direct appeal, that argument would have some force. But Respondents' complaint does not rest on the majority giving insufficient "deference" to military justice principles (even if this case does arise out of a military tribunal ostensibly applying those principles). The problem is that a petitioner, by definition, cannot establish a clear and indisputable right to relief, where a panel divides on the merits and the majority must create a circuit split for the petitioner to prevail.

In sum, the majority granted a writ of mandamus to decide a fact-bound question with no systemic significance and where the government made none of the showings that this circuit's mandamus precedents require. Rehearing en banc is therefore warranted. Fed. R. App. Pro. 40(b)(2)(A)-(C).

### III. The consequences of the panel's decision warrant rehearing en banc.

The government's defense of the majority's decision rests on its assertion that this case is of "immense national importance." That is reason enough to grant rehearing en banc. Fed. R. App. Pro. 40(b)(2)(D). In military commission cases, Congress has vested this Court with responsibilities akin to those of a State

6

supreme court, or the Court of Appeals for the Armed Forces ("CAAF") in the regular court-martial system. When important questions arise, and where panels divide as to the answers, this Court should – and has – granted rehearing en banc. *See Bahlul v. United States*, 840 F.3d 757 (D.C. Cir. 2016); *cf. Al-Hela v. Biden*, 66 F.4th 217 (D.C. Cir. 2023).

Rehearing is especially warranted to address how the majority went about attempting to resolve this case. The majority granted the government extraordinary relief, even though it failed to "come within a country mile" of establishing a clear and indisputable entitlement to mandamus under the pre-existing law of this Circuit. Wilkins.2. If left to stand, the panel opinion will have one of two consequences for the foreseeable future. It will establish a published precedent for the proposition that "the government is not subject to the same rules and standards as other parties who come before our court." *J.G.G.*, 2025 WL 3198891, at *8 (Pan, J. dissenting). Or it will establish a published precedent for a novel rule under which this Court will intervene via mandamus whenever a petitioner pleads a "significant public interest in the resolution of [the] proceedings." Op.12.

Whether to establish either precedent deserves the attention of the full Court, particularly where the ongoing practical effect of the panel's decision is so tragic. Pre-trial proceedings in this case began in 2008. In early 2024, the lead prosecutor candidly warned the trial judge of his fear that "if this case doesn't go to trial in

7

2025, it may never go to trial. I'm being completely honest with [you]." JA136. The proceedings before this Court have added another year of delay in a case in which there is now no possibility of a trial until well into the next decade.

In the summer heat of a closely contested presidential election, the Secretary went to unusual lengths to thwart what the Chief Prosecutor for the military commissions described as the "best path to finality and justice in these cases." JA204. Even if that was his right as the Secretary of Defense, the practical consequence of the majority's decision to grant of mandamus is that the victims and the public, and the Respondents themselves, are increasingly unlikely to live long enough to see justice in this case. Respondents agree that this is a case of "immense national importance." Such consequences in such a case should not rest on a sharply divided panel opinion.

Rehearing en banc is therefore warranted.

## CONCLUSION

For the foregoing reasons, the petition for rehearing en banc should be GRANTED.

Respectfully submitted,

| | |
|---|---|
| Walter B. Ruiz | /s/     Michel Paradis |
| Suzanne M. Lachelier | Michel Paradis |
| Sean M. Gleason | Gary Sowards |
| Maj Nichole Timmreck, JA, USAF | Denny LeBoeuf |
| | Gabriela McQuade |
| Military Commission Defense | Delphine Lourtau |
|    Organization | Derek Poteet |
| 1620 Defense Pentagon | Nicholas McCue |
| Washington, DC 20301-1620 | Melanie Partow |
| | Maj Michael Leahy, JA, USAF |
| *Counsel for Respondent,* | Maj Elspeth Theis, JA, USAF |
| *Mustafa Al Hawsawi* | Capt Ayana Anderson, JA, USAF |
| | LT William Xu, JAGC, USN |
| | |
| | Military Commission Defense |
| |    Organization |
| | 1620 Defense Pentagon |
| | Washington, DC 20301-1620 |
| | |
| | *Counsel for Respondent,* |
| | *Khalid Sheikh Mohammed* |

9

# CERTIFICATE OF COMPLIANCE WITH RULE 40(D)

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This response complies with the type-volume limitations of Rule 40(d) because:

[X] this petition contains 1,781 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this petition uses a monospaced typeface and contains ____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font size and Times New Roman type style; *or*

[ ] this petition has been prepared in a monospaced typeface using _____ with _____.

Dated: December 17, 2025

                                            Respectfully submitted,
                                            /s/ Michel Paradis
                                            *Counsel for Respondent*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 17, 2025, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: December 17, 2025

                                            Respectfully submitted,
                                            /s/ Michel Paradis
                                            *Counsel for Respondent*