ORAL ARGUMENT HELD ON JANUARY 28, 2025
**UNITED STATES COURT OF APPEALS**
*for the* **District of Columbia Circuit**

|  |  |  |
|---|---|---|
| In re: UNITED STATES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF REHEARING *EN BANC*** |
| *Petitioner*. | | |
| | | No. 25-1009 |

COMES NOW, Respondents, Khalid Sheikh Mohammad and Mustafa Al Hawasawi, and move this honorable Court pursuant to Fed. R. App. P. 27 & 35(e), and Local Rule 27, for leave to file a reply brief in support of his petition for rehearing. The proposed brief totals only eight (8) substantive pages and contains 1,781 words. A copy is attached to this motion for this Court's review. Counsel for Petitioner has been consulted and takes no position on the relief requested.

Neither the Federal Rules of Appellate Procedure nor this Court's rules permit or prohibit a reply brief in support of a petition for rehearing en banc. However, under the Federal Rules, a party seeking relief typically has an opportunity to reply to any brief filed in opposition to the relief sought. *See*, *e.g.*, Fed. R. App. P. 27(a)(4); 28(c).

1

Respondents' reply seeks to clarify what issues are and are not before this Court. The government's response spends considerable space seeking to frame this case as about the Secretary's authority over the military commissions. It casts the majority's decision to issue a writ of mandamus as extraordinary, but necessary to "restore" to the Secretary legal authorities that the military commission system erroneously denied him. The reply explains why this is not the case. The Court of Military Commission Review had restored whatever authority the trial judge's decision cast into doubt before the government ever petitioned for mandamus in this Court. The only issue truly before this Court was the fact-bound, case-specific question of whether Respondents had "beg[un] performance" of the terms of their pretrial agreements. The government concedes that if they had, that would have precluded the Secretary from withdrawing. That question, while of great significance to this case, is not systemically important, and certainly not so systemically important as to warrant a departure from the traditional rigors of the standards governing writs of mandamus in this Court.

The reply further clarifies what is at stake should the panel's decision be left to stand. Specifically, the majority opinion's approach to the mandamus standard realizes all the concerns expressed by the judges of this Court who concurred and dissented from the denial of rehearing *en banc* in *J.G.G. v. Trump*, No. 25-5124, 2025 WL 3198891 (D.C. Cir., Nov. 14, 2025). The sharply divided panel opinion

here is precedential, it has significant practical consequences, and it creates substantial doctrinal uncertainty that will plague this Court for years to come.

Granting this motion will not prejudice Petitioner or the timetable for this Court's review. The Court received Petitioner's response on Thursday, December 11, 2025, and Respondents' reply, which accompanies this motion, will reach the Court on December 17, 2025. *Cf.* Fed. R. App. P. 27(a)(4) (permitting a reply brief in support of a motion within seven days of a response). Moreover, the practical consequences of the majority's opinion are significant. If left to stand, Respondents and the public alike now face the prospect of an interminable trial process that is not expected to result in a trial, let alone finality, until well into the next decade. The balance of equities, therefore, supports granting this motion, so that Respondents can make their case.

Dated:    December 17, 2025

           Respectfully submitted,

             /s/    Michel Paradis
             Michel Paradis
             Military Commission Defense Organization
             1620 Defense Pentagon
             Washington, DC 20301-1620

             *Counsel for Respondents*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 17, 2025 a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

Dated:       December 17, 2025

                         Respectfully submitted,

                         /s/    Michel Paradis
                         Michel Paradis
                         Military Commission Defense Organization
                         1620 Defense Pentagon
                         Washington, DC 20301-1620

                         *Counsel for Respondents*

**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

  Petitioner's motion to file an oversized reply brief, filed with this Court on October 1, 2019, complies with the type-volume limitations imposed by Fed. R. App. P. 27(d)(2) because it contains 528 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Dated:  December 17, 2025

        Respectfully submitted,

         /s/  Michel Paradis
        Michel Paradis
        Military Commission Defense Organization
        1620 Defense Pentagon
        Washington, DC 20301-1620

        *Counsel for Respondents*